**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **GREEN HILLS DEVELOPMENT COMPANY, LLC, et al.** | **PLAINTIFFS** |
| **v.** | **CIVIL ACTION NO. 3:11-CV-1885-KS-BN** |
| **CREDIT UNION LIQUIDITY SERVICES, LLC, et al.** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Remand [351] filed by Plaintiffs and the Motion for Leave to File Sur-Reply ("Motion for Leave") [359] filed by Defendants. After considering the submissions of the parties, the record, and the applicable law, the Court finds that neither motion is well taken and both should be denied.

**I.  BACKGROUND**

This action was originally filed in the 191st Judicial District Court of Dallas County, Texas, on July 2, 2009. The claims brought by the Plaintiffs are based entirely in Texas state law. On August 3, 2011, after the National Credit Union Administration Board (the "NCUA") became the conservator of Defendant Texans Credit Union ("TCU") and became a party to the case, the action was removed to this Court under 12 U.S.C. § 1789(a)(2), which grants original jurisdiction to the United States district courts over any civil suit to which the NCUA is a party.

The NCUA's conservatorship of TCU terminated on June 16, 2016, and the NCUA was subsequently terminated as a party in this case, with TCU substituted in as the proper party. (*See* Order [350].) Plaintiffs then filed their Motion to Remand [351], arguing that the Court no longer retains subject matter jurisdiction in this case as its jurisdiction was contingent on the NCUA being a party.

## II.  MOTION FOR LEAVE [359]

In their Motion for Leave [359], Defendants request the Court allow them to file a sur-reply to Plaintiffs' Motion to Remand [351], arguing that Plaintiffs' response addresses for the first time the opinion in *Adair Lease Partners, Inc.*, 587 F.3d 238, 245 (5th Cir. 2009).  The purpose of the movant's reply "is to give the movant the final opportunity to be heard, and to rebut the nonmovants' response . . . ."  *H-W Tech., Inc. v. Overstock.com, Inc.*, No. 3:12-CV-0636-G (BH), 2014 WL 4378750, at *2  (N.D. Tex. Sept. 3, 2014) (quoting *Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, No. 3:07-CV-0937-P, 2008 WL 5552245, at *8 (N.D. Tex. Dec. 31, 2008)).  "A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage."  *Racetrac Petro., Inc. v. J.J.'s Fast Stop, Inc.*, No. Civ.A. 3:01-CV-1397, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003).

Here, the *Adair* case, which does not address the jurisdictional statute at issue, was introduced for the first time in Defendants' response to Plaintiffs' motion.  It was proper, then, for Plaintiffs to address Defendants arguments under *Adair* in their reply in order to rebut those arguments.  *See H-W Tech.*, 2014 WL 4378750, at *2.  Plaintiffs' references to *Adair* were not an introduction to a new legal theory, but rather a response to Defendants' own legal theory.  A perusal of Plaintiffs' reply shows that they in no way exceeded the scope of Defendants' response, and the Court finds that a sur-reply is not warranted.  The Motion for Leave will therefore be **denied**.

## III.  MOTION TO REMAND [351]

Section 1789(a)(2) holds:

> All suits of a civil nature at common law or in equity to which the [National Credit Union Administration] Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy.

2

12 U.S.C. § 1789(a)(2). Because the NCUA was a party in this action when it was removed to this Court, the Court had original jurisdiction over the claims against it and, pursuant to 28 U.S.C. § 1367, supplemental jurisdiction over all other pending claims. The Court need not determine whether the dismissal of the NCUA as a party from this action divests it of original jurisdiction, as, even if it does, the Court retains supplemental jurisdiction over the remaining claims and finds, in its discretion, that the action should remain in this Court. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)

In *Adair*, the Fifth Circuit held that there was no dispute as to whether the district court had jurisdiction over the case after the FDIC, whose presence as a party gave original federal jurisdiction, was dismissed. 587 F.3d at 240. The only issue to be decided was whether that jurisdiction was original jurisdiction and non-discretionary, or supplemental jurisdiction and discretionary. *Id.* at 240-41. As the Court finds that jurisdiction over the case should be retained even if the jurisdiction is discretionary, it need not decide whether original jurisdiction is maintained pursuant to § 1789(a)(2).

When deciding whether to retain jurisdiction over state law claims once all federal claims have been dismissed, the Court "is guided by the statutory factors set forth in section 1367(c) and considerations of judicial economy, convenience, fairness, and comity." *Mendoza*, 532 F.3d at 346 (citing *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998)). Section 1367(c) holds that a district court may decline to exercise supplement jurisdiction over a claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which is has original jurisdiction, or

>   (4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Because only state law claims remain, the second and third factors weigh in favor of remand. However, there are no novel or complex issues of state law in this case, and no otherwise compelling reason to decline jurisdiction, which weigh against remand.

In addition to the factors listed in § 1367(c), the Court is also to consider the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza*, 532 F.3d at 347. In *Batiste v. Island Records, Inc.*, the Fifth Circuit held that, where the case had been pending for almost three years and was scheduled for trial in a month's time, it was an abuse of its discretion to decline the exercise of supplemental jurisdiction, even when all federal claims were dismissed. 179 F.3d 217, 228 (5th Cir. 1999). The could held that "the familiarity of the district court with the merits of the [plaintiffs'] claims demonstrates that further proceedings in the district could would prevent redundancy and conserve scarce judicial resources." *Id.* Because of this, the Fifth Circuit found that the "principles of judicial economy, convenience, and fairness to the parties" weighed heavily in favor of retaining jurisdiction over the remaining state law claims. *Id.*

The same principles weigh heavily in favor of this Court retaining jurisdiction in the current case. This action has been pending for over five years in this Court, and for over seven years in total. Discovery and dispositive motion deadlines have long since expired, and this case, though not currently set for trial, is poised for trial as soon as a date can be set.[1] It would be an abuse of the Court's discretion to remand the case back to state court at this late date under the common-law

---

[1] A status conference is currently set in this case on October 31, 2016, during which a trial date will be discussed.

4

principles of judicial economy, convenience, and fairness. *See Batiste*, 179 F.3d at 228. Plaintiffs' Motion to Remand [351] will therefore be **denied**.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Leave [359] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Motion to Remand [351] is **denied**.

SO ORDERED AND ADJUDGED this the 20th day of October, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE